UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

PANNAGA PRASAD,

    Plaintiff,

-vs-                                      CASE NO.:5:20-CV-01212-JKP

EXPERIAN INFORMATION
SOLUTIONS, INC. and TXU
ENERGY RECEIVABLES
COMPANY LLC,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Pannaga Prasad (hereinafter "Plaintiff"), sues Defendants, Experian Information Solutions, Inc. and TXU Energy Receivables Company LLC, and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

**PRELIMINARY STATEMENT**

1. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION**

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

1

4. Venue is proper in this District as Plaintiff is a natural person and a resident of San Antonio, Texas; the violations described in this Complaint occurred in this District; and the Defendant transacts business within this district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c).

6. Experian Information Solutions, Inc. (hereinafter "Experian"), is a corporation incorporated under the laws of the State of California, authorized to conduct business in the State of Texas through its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

7. Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Experian disburses such consumer reports to third parties under contract for monetary compensation.

9. TXU Energy Receivables Company LLC (hereinafter "TXU"), is a corporation incorporated under the laws of the State of Delaware, authorized to conduct business in the State of Texas through its registered agent, Capitol Corporate Services, Inc., located at 206 E. 9th St. Suite 1300, Austin, TX 78701.

**FACTUAL ALLEGATIONS**

10. Along with non-parties Equifax and TransUnion, Experian is one of the "big three" credit reporting agencies in America.

11. In early 2019, Plaintiff became aware that Experian was reporting that Plaintiff owed several debts to non-party "Convergent Outsourcing, Inc." regarding an account that originated with non-party "Reliant Energy".

12. Plaintiff has never had any account or business relationship with Reliant Energy.

13. Specifically, Experian was reporting that Plaintiff had four separate Reliant Energy accounts that were in collection with Convergent Outsourcing, Inc.

14. These accounts were the only accounts appearing on Plaintiff's credit report that might be considered "negative", as the rest of Plaintiff's accounts (which did actually belong to her) were in good standing.

15. Plaintiff disputed these accounts with Experian and they were erroneously verified.

16. Plaintiff brought suit against Experian in order to correct her credit report. That lawsuit has since been resolved.

17. Subsequently, in mid-2020 it came to Plaintiff's attention that Experian is now reporting that Plaintiff owes a debt to TXU.

18. This is false. Plaintiff has never had any account or business dealings with TXU.

19. Once again Plaintiff disputed the false information Experian is reporting about Plaintiff, and yet again Experian verified the false information.

20. TXU subsequently sent Plaintiff correspondence indicating that the debt in question, which is a consumer debt under the FCRA, is valid.

21. As a result of the actions and or inactions of the Defendants, Plaintiff's credit score has plummeted.

22. As a result of the actions and/or inactions of the Defendants, Plaintiff wasted several hours of her personal attempting to correct this mistake.

23. As a result of the actions and/or inactions of the Defendants, Plaintiff has been denied credit accounts with non-parties Wells Fargo, Discover, and others.

## CAUSE OF ACTION

### COUNT I
### Violations of the Fair Credit Reporting Act as to Experian

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 above as if fully set forth herein.

25. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

26. As a result of this conduct, action and inaction of Experian, Plaintiff suffered a financial loss, denial of credit, loss of her personal time, and emotional distress.

27. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

28. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

29.     Clearly Experian should have known that the account did not belong to Plaintiff, as she had previously brought suit against Experian for a similar issue.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### Violations of the Fair Credit Reporting Act as to Experian

30.     Plaintiff re-alleges and incorporates paragraphs 1 through 23 above as if fully set forth herein.

31.     Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

32.     As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by reduced credit score, loss of the ability to purchase and benefit from credit, and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a negative credit report.

33.     Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover under 15 USC § 1681o.

34. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Experian, jointly and severally; for her attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
### Violations of the Fair Credit Reporting Act as to TXU

35. Plaintiff re-alleges and incorporates paragraphs 1 through 23 above as if fully set forth herein.

36. TXU furnished inaccurate representations to Experian and through Experian to all of Plaintiff's potential lenders on multiple occasions, resulting in denials of credit.

37. TXU violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

38. TXU violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and TransUnion after it had been notified that the information it was furnishing was inaccurate.

39. TXU did not have any reasonable basis to believe that Plaintiff was responsible for the account in question. It also had substantial evidence by which to have verified that Plaintiff is not responsible. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the information it furnished bout Plaintiff.

40. As a result of the conduct, action and inaction of TXU, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score/a credit report that has a derogatory remark.

41. TXU's conduct, action and/or inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

42. Plaintiff is entitled to recover her reasonable attorney's fees and costs from TXU in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against TXU to Plaintiff; award Plaintiff her reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

Respectfully Submitted,

*/s/ William W. Holtz, Esq.*
William W. Holtz, Esq.
Texas Bar No.: 24092533
Holtz Law Firm
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (832) 746-4041

Facsimile: (713) 467-1399
WHoltz@HoltzLegal.com
*Counsel for Plaintiff*